ISABELLA HOFFMAN, Respondent, v. ST. LOUIS TRUST COMPANY, Executor Under the Will of JOHN HOFFMAN, Deceased, Appellant.

St. Louis Court of Appeals, December 22, 1896.

Husband and Wife: DEMAND OF WIFE AGAINST ESTATE OF DECEASED HUSBAND: ADMISSIBILITY OF WRITTEN INSTRUMENTS EXECUTED BY HUSBAND: EVIDENCE: DEMURRER. On a demand by the wife against the estate of her deceased husband for the allowance of a claim, evidenced by certain instruments in writing executed to her by him for value,—*Held*, on demurrer to the evidence: That, under the statute, the writings were *prima facie* evidence against the legatees that deceased had received money or property belonging to plaintiff of the value stated, and were admissible in evidence to prove the trust.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*J. D. Johnson* and *Joseph S. Laurie* for appellant.

Section 6864, Revised Statutes, 1889, was not intended to disturb or modify the existing rule as to the

unity of husband and wife by reason of the marital relation, and, therefore, does not authorize the wife to contract with or sue her husband. *Ilgenfritz v. Ilgenfritz*, 49 Mo. App. 127; *McCorkle v. Goldsmith*, 60 *Id.* 475. Moreover, the notes in question were given in 1888, and the statute of 1889 is only prospective in its operation. *Bruns v. Capsick*, 46 Mo. App. 397; *Robards v. Murphy*, 64 *Id.* 90; *Leete v. Bank*, 115 Mo. 184.

An instrument drawn by the husband in favor of his wife is void. *Sweat v. Hall*, 8 Vt. 187; *Hoker v. Boggs*, 63 Ill. 161; *Patterson v. Patterson*, 45 N. H. 164; *Woodward v. Spear*, 141 Mass. 283; Bish. Mar. Wom., sec. 711; Schouler, Hus. and W., sec. 396; 1 Dan. Neg. Insts., sec. 241.

A wife holding a pecuniary obligation of her husband can only obtain relief in equity, and in order to obtain equitable relief is required to allege and prove a valuable consideration moving from herself; and it is immaterial that such an obligation is in the form of a note. *Veal v. Veal*, 89 Ky. 314.

"The note is of no other account in settling the question in equity than to show the intention of the husband to appropriate, or hold, the fund for the use of the wife. *Wood v. Warden*, 20 Ohio, 518; *Logan v. Hall*, 19 Iowa, 491. See, also, *Atlantic Bank v. Tavener*, 131 Mass. 407; *McCampbell v. McCampbell*, 2 Lea, 661; *Templeton v. Brown*, 85 Tenn. 50; *Leahy v. Leahy*, 29 S. W. Rep. (Ky.) 852; *Harrell v. Harrell*, 117 Ind. 94; *Vanstone v. Vanstone*, 42 Mo. App. 39; *Clark v. Clark*, 86 Mo. 114.

The object of section 2389, Revised Statutes, 1889, was to place notes not negotiable on the same footing occupied by negotiable notes so far as consideration was concerned. *Caples v. Branham*, 20 Mo. 244.

Even though such instrument should import a consideration, it does not follow that the wife without

further showing would be entitled to recover. *Sloan v. Torrey*, 78 Mo. 623; *Leahy v. Leahy, supra.*

Equity will not intervene for the purpose of giving effect to postnuptial contracts between husband and wife, except under "particular circumstances." Story, Eq., sec. 1373; Schouler, Hus. and W., sec. 396.

*Julian Laughlin* and *James P. Maginn* for respondent.

The notes in question fall within section 2389, Revised Statutes, 1889. *County of Montgomery v. Auchley et al.*, 92 Mo. 126; *Caples v. Branham*, 20 Mo. 244.

Respondent properly exhibited to the probate court these three separate demands against the estate of John Hoffman, her deceased husband. *Hoffman v. Hoffman's Ex'r*, 126 Mo. 486; *Hammons v. Renfrow*, 84 *Id.* 332, *loc. cit.* 341; *Coal Co. v. Slevin Estate*, 56 Mo. App. 107; *Todd v. Terry's Ex'r*, 26 *Id.* 589, 601, 610.

BIGGS, J.—The plaintiff presented to the probate court three demands against the estate of her deceased husband John Hoffman. That court disallowed the claims. The plaintiff appealed to the circuit court, where the actions were by consent tried together. The plaintiff's demands are evidenced by three separate instruments in writing in the form of promissory notes and are for $625 in the aggregate; the first being dated September 27, 1887, the second October 2, 1888, and the third December 22, 1888. At the trial it was admitted that the deceased executed the instruments; that at the time plaintiff was his wife; that he died leaving a will, and that the defendant is the executor of his estate. The plaintiff read in evidence the instruments and rested her case. The defendant presented a demurrer

to the evidence, which the court refused. There was no evidence on the part of the defense. Under a peremptory instruction given by the court the jury found for the plaintiff for the full amount of each demand. Judgment was entered accordingly, and the executor of the estate appealed the case to this court.

The contention of the defendant is that it devolved on the plaintiff to show by evidence *aliunde* that the promises to pay on the part of her husband were based on money or property received by him and belonging to her; or, stating the proposition differently, that the instruments or notes only tended to show an intention on the part of Hoffman to hold the amounts for the use of plaintiff, and that they had no tendency to prove that the promises therein made were supported by a valuable consideration.

It is settled by numerous decisions that courts of law can not recognize the relation of debtor and creditor between husband and wife; but it is likewise well settled that under a proper showing courts of equity will enforce their mutual obligations. What that showing must be is the matter here in controversy. Whether the papers signed by the deceased are promissory notes or not, is an immaterial inquiry. They certainly contain direct promises to pay money, and under the statute (sec. 2389, R. S. of 1889) they import a consideration. The section reads: "All instruments of writing made and signed by any person or his agent, whereby he shall promise to pay to any other, or his order, or unto bearer, any sum of money or property therein mentioned, shall import a consideration, and be due and payable as therein specified." Under the common law negotiable notes and bills of exchange imported a consideration. In the revision of 1855 (p. 319, section 1) this rule of evidence was extended so as to include non-

ADMISSIBILITY of written instruments executed by husband to wife: evidence: demurrer.

negotiable notes. In the revision of 1865 (p. 319, section 6) the present statute was enacted, which embraces all instruments of writing which contain a direct promise to pay money or property. This statute makes no exception, and it certainly includes written promises between husband and wife, for it would be unreasonable to exclude them merely because such obligations are only enforceable in courts of equity. I am of the opinion not only that the writings were admissible in evidence to prove the trust, but also that under the statute they were *prima facie* evidence against the legatees that the deceased had received money or property belonging to plaintiff and of the value stated. My associates are of the opinion that they tended *prima facie* to establish the latter facts for the reason that they contained the statement that they were given for value.

There is no suggestion that the estate is insolvent. Had such a suggestion or showing been made, it would then have been proper for the court in the exercise of its equitable powers to require of plaintiff other and satisfactory evidence of the *bona fides* of the indebtedness. As it is, she made a *prima facie* case, and the judgment of allowance must be affirmed. It is so ordered. All the judges concur.